[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: AGGRIEVEMENT
These actions, as above entitled, constitute an appeal from the decision of the Planning Zoning Commission, for the Town of Fairfield, wherein the Commissioner granted approval, conditionally, for the re-subdivision of a tract of land (30.7 acres) owned by the estate of Frank Dooley, a defendant herein.
The Commission conditioned its approval on the extension of the proposed permanent cul-de-sac street to an existing right-of-way connecting to Silver Spring Road as shown on exhibits defining the area in question.
The issue developing from the aforementioned factual situation, narrow as it may be, is whether the parties owning property within one hundred feet of such right-of-way, but not within one hundred feet of the land involved in the sub-division, have standing to appeal pursuant to General Statutes 8-8.
These appeals have been brought subject to the provisions of this Statute, and the Court will only concern itself as to the question of aggrievement as it relates to all plaintiffs, and both of the defendants.
General Statutes 8-8 (a), at the time the above appeals were initiated, stated as follows:
 Any person or persons severally or jointly aggrieved by any decision of said Board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board. . ., may. . . take an appeal to the superior court. . . .
This section further delineates an "aggrieved person includes any person owning land that abuts or is within a CT Page 2012 radius of 100 feet of any portion of the land involved in the decision of the board."
The thrust of the argument to the Court is that the decision of the Commission does not involve that portion of the Defendant — estate's property where the proposed permanent cul-de-sac is continued to an abutting right of way, thereby making the area therein "land involved in the decision of such board" pursuant to 8-8.
This court would and does hold that a person is aggrieved when one owns land within a radius of 100 feet of any portion of the land involved in the decision of the Commission. The right of way was located on land owned by the estate, and the Commission exercised jurisdiction on the area designated for future road use by imposing the conditions which it did as it related to the proposed permanent cul-de-sac to extend over the area and to the road.
The Court holds further that the plaintiffs own property abutting or within 100 feet of the proposed road extension, and 8-8 of the General Statutes conveys standing on abutting land owners, or within 100 feet, without the necessity of proving some other personal interest. . . .
The Court finds the plaintiffs statutorily aggrieved.
MILTON J. HERMAN State Trial Referee